IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-10869
Conference Calendar

_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,


versus

MARIO ESTEBAN MORENO, Sr.,

                                        Defendant-Appellant.


- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:95-CR-56-Y
- - - - - - - - - -
June 27, 1996

Before HIGGINBOTHAM, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    Mario Moreno appeals his conviction for illegal reentry into
the United States after previous deportation.  Acknowledging that
controlling authority is contrary to his position, Moreno argues
that his sentence was imposed in violation of the law because the
indictment did not contain an allegation that he committed a
prior felony.  See United States v. Vasquez-Olvera, 999 F.2d 943,
945-46 (5th Cir. 1993)(the charging instrument need not contain

_____

    [*] Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

an allegation that the defendant committed a prior felony if he is to be convicted under 18 U.S.C. § 1326(b)(2)), cert. denied, 114 S. Ct. 889 (1994).

This panel will not overrule the decision of another panel of this circuit. United States v. Taylor, 933 F.2d 307, 313 (5th Cir.), cert. denied, 502 U.S. 883 (1991). The district court did not err by following Vasquez-Olvera, 999 F.2d at 945-46.

Moreno failed to address the procedural problem that he waived all nonjurisdictional errors that preceded the plea. See United States v. Owens, 996 F.2d 59, 60 (5th Cir. 1993). To raise the Vasquez-Olvera issue, Moreno must show that the issue is jurisdictional, i.e. that the indictment was so flawed that the district court had no jurisdiction to adjudicate the case or that the indictment did not charge a crime. See United States v. Barksdale-Contreras, 972 F.2d 111, 113 (5th Cir. 1992), cert. denied, 506 U.S. 1084 and cert. denied, 507 U.S. 997 (1993). We do not reach this waiver question because, even if we presume that this issue is not waived, Vasquez-Olvera controls.

AFFIRMED.